IN RE APPLICATION OF K. & M. TELEPHONE COMPANY, INC.
K. & M. TELEPHONE COMPANY, INC., APPELLEE, V. CHARLES
SCHMIDT, APPELLANT.
140 N. W. 2d 404

Filed February 18, 1966. No. 36077.

Nelson, Harding & Acklie and Max G. Towle, for appellant.

Leo F. Clinch, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding before the Nebraska State Railway Commission upon an application of the K. & M. Telephone Company, Inc., for authorization to make certain improvements, changes, and additions to its service and service area.

The applicant is the successor to the Chambers Independent Telephone Company. In 1961, the applicant was granted a certificate of convenience and necessity to furnish telephone exchange service in the Chambers, Nebraska, and Amelia, Nebraska, area.

The applicant proposed to improve its telephone system and for that purpose made application to the Rural Electrification Administration for a loan in the amount of $287,000. The application filed in this proceeding was made for the purpose of obtaining the authority necessary to make the proposed improvements, changes, and additions in its service and its service area.

The applicant provides exchange service to 416 subscribers, of which 189 are served over service station lines. The service station lines were owned by five service station or switcher service companies known as the Dumas Telephone Company; Lone Tree Telephone Company; South Fork Telephone Company, East Division; Bliss Martha Telephone Company; and Short Line Telephone Company.

A formal protest to the granting of the application was not filed, but representatives of the Dumas Telephone Company, Lone Tree Independent Telephone Company, and South Fork Telephone Company appeared at the hearing and testified in opposition to the application.

After the hearing in this proceeding, the Chambers Rural Telephone Company, Inc., was organized. It is owned by the five switcher companies and has acquired all of the facilities and equipment owned by them. On

September 15, 1964, the Chambers Rural Telephone Company, Inc., filed an application for a certificate of convenience and necessity authorizing it to operate as a common carrier in the same area.

With respect to the service station subscribers, the applicant proposed to install all new equipment with underground lines, four-party service, and full selective ringing. The applicant did not propose to buy any of the lines or equipment owned by the service station companies but would require that they execute abandonment agreements and dispose of their lines and equipment by themselves. The improved service was to be offered to the service station subscribers upon a voluntary basis and would be available only if a sufficient number of the service station subscribers elected to receive the service from the applicant upon a company owned basis.

On October 14, 1964, the railway commission granted the application filed in this proceeding except that part which requested authority to serve the service station subscribers on a company owned basis and to enlarge the service area of the applicant. There is no controversy concerning the October 14, 1964, order of the commission and it requires no further consideration in this opinion.

The commission deferred action upon the balance of the application filed in this proceeding until after the hearing upon the application filed by the Chambers Rural Telephone Company, Inc.

On February 3, 1965, the application filed by the Chambers Rural Telephone Company, Inc., was denied. An appeal in that proceeding was perfected to this court and consolidated with this appeal for briefing and argument. See Chambers Rural Telephone Co., Inc. v. K. & M. Telephone Co., Inc., *ante* p. 735, 140 N. W. 2d 400.

On February 3, 1965, the commission entered an order determining the issues reserved in the order of October 14, 1964. The commission granted a certificate of convenience and necessity to the applicant covering the

territory included in the service area map filed April 24, 1961, as amended on September 11, 1963, and as further modified by the addition of five small areas which are described by metes and bounds.

The commission found that the service station subscribers did not desire service from the applicant upon a company owned basis; that the applicant had not obtained any executed abandonment agreements; and that the service area map as proposed by the applicant should not be approved. The order granted a certificate of convenience and necessity as set forth in the findings of the commission and made no change in the applicant's rate for service station service. The record shows that the present rate for service station service is $2.90 per month.

The Chambers Rural Telephone Company, Inc., filed a motion for rehearing which was overruled. A notice of appeal was filed by Charles Schmidt. Schmidt is the president of the Chambers Rural Telephone Company, Inc., and testified in opposition to the application.

The record shows that the service which the applicant has furnished to the service station subscribers has been adequate and satisfactory. The record also shows that at this time there is no need or demand for service on a company owned basis in the service station area of the applicant's exchange service area.

As we interpret the record, the order of February 3, 1965, did not grant the applicant any authority that it did not already have, except in reference to the service area of the applicant which was increased by the addition of the five small areas described in the findings.

At the time the present application was filed, the applicant held a certificate of convenience and necessity authorizing it to furnish telephone exchange service in the area. The order of February 3, 1965, granted no additional authority except that the service area was enlarged slightly.

The record does not disclose the basis upon which the

commission determined that the five small areas should be added to the exchange service area of the applicant. Apparently, these areas were added to the applicant's service area by the commission upon its own motion. The applicant's brief suggests that the additions were made to include subscribers now being served by the applicant but which had been omitted from previous service area maps by inadvertence.

On appeal to this court from an order of the Nebraska State Railway Commission while acting within its jurisdiction, the question for determination is the sufficiency of the evidence to prove that the order is not unreasonable or arbitrary. Andrews v. Nebraska State Railway Commission, 178 Neb. 799, 135 N. W. 2d 712. The order of the commission in this proceeding is supported by the record except as to the addition of the five areas to the applicant's service area. To that extent the order is not supported by the record. The order, therefore, is reversed.

REVERSED.